[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON HEARING IN DAMAGES
This is an action wherein the plaintiffs Richard E. and Virginia B. Coyle seek various forms of relief from the defendants, the Salmon River Club, Inc. ("Salmon") and Riveredge Partnership ("Riveredge"), in a four count amended complaint. Essentially, the first count is grounded in Breach of Contract; the second count in violations of Connecticut Time Share Statutes 42-103 (w) to 103(z); the third and fourth counts in violation of the Connecticut Uniform Trade Practices Act, 42-110 (b) and 42-103 (aa).
The named defendants have failed to appear and have been duly defaulted. The matter is before the court on a hearing in damages. Testimony and exhibits were heard and received through the CT Page 49 plaintiff, Richard E. Coyle, on the issue of damages as it related to punitive as well as actual damages.
All of the plaintiff's testimony as well as documentary evidence, Exhibits A, B and C, related only to the defendant, Salmon. Consequently, damages can only be awarded against Salmon and no money damage award can be directed against the defendant Riveredge based on the evidence presented.
The court finds that the plaintiffs are entitled to a return of their deposit money in the sum or $840.00. Further, that as between themselves and the defendant Salmon, they are entitled to a recision of the financial agreement between them as evidenced by their promissory note dated August 11, 1990 in the amount of $7,650 to cover the balance of the purchase price (Plaintiffs' Exhibit C). This negotiable instrument was sold by the defendant Salmon to the Broadway Bank Trust Co., who may well be considered a holder in due course to whom the plaintiffs would be obligated. The plaintiffs therefore are entitled to damages in the amount of the note, i.e, $7,650.00, together with interest as called for in the note at 16% per year from September 26, 1990 to date of judgment, December 17, 1991, or 15 months at $100.80 per month, plus 17 days at $3.36 per diem for total interest of $1,569.12.
Total actual damages are awarded to the plaintiffs in the sum of $9,969.12.
By virtue of the default judgment granted in favor of the plaintiffs based on their allegations of violation of the Connecticut Unfair Trade Practices Act in Counts 2, 3 and 4 of their amended complaint, the defendant Salmon is considered in violation thereof. Consequently, the plaintiffs' testimony establishes to the satisfaction of the court that they are entitled to punitive damages in the amount of $25,000.00, together with attorney's fees per attorney's affidavit in the amount of $5,170.00 plus cost of court in the amount of $307.00.
In summary, the plaintiff is awarded the following money damages:
First count: $9,919.12
Second, Third and Fourth counts: $25,000.00 punitive damages
$5,170.00 attorney's fees
Total damages: $40,139.12
Plus costs of court $307.00 CT Page 50
Judgment in favor of the plaintiffs against the defendant, Salmon River Club, Inc. only, may enter accordingly.
MAIOCCO, J.